787 F.2d 593
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
FREDDY SOLOE, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 85-5440
 United States Court of Appeals, Sixth Circuit.
 3/4/86
 
 AFFIRMED
 E.D.Ky.
 On Appeal from the United States District Court for the Eastern District of Kentucky
 BEFORE: KEITH and MARTIN, Circuit Judges, and WEBER.*
 PER CURIAM:
 
 
 1
 Plaintiff appeals the final decision of the Secretary of Health and Human Services, denying his claim for disability insurance benefits and for supplemental security income benefits under Title II and XVI of the Social Security Act. We affirm the Secretary's decision finding there was substantial evidence to support it.
 
 
 2
 The record shows that the claimant was born on March 6, 1947, is currently 34 years of age, and has the equivalency of a high school education by G.E.D. Examination completed in 1977. Claimant has had special training in air conditioning and refrigeration. He has past work experience as a carpenter, an engineer's aide on a surveying team, a construction laborer, a street cleaner and a member of a garbage pick up crew.
 
 
 3
 The Administrative Law Judge (ALJ) found that the plaintiff does not suffer from an impairment or combination of impairments so severe as to preclude his engaging in substantial gainful activity. Appellant alleges disability beginning in April 1980, due to back trouble and a nervous condition.
 
 
 4
 Although plaintiff complains of constant pain in his back, he admitted he was able to stand or walk for up to four hours at a time, and sit two to three hours. Additionally, x-rays reported October 31, 1980, by Dr. Bauer revealed a normal spine alignment and disc interspaces; with normal vertebrae. A consultative physical examination performed by Dr. Fritzhand on February 9, 1981, indicated that plaintiff walked with a slight limp. There was no evidence of any significant arthritis. Although plaintiff had diminished tolerance for standing, walking, stooping, bending, and lifting due to acute and chronic lumbosacral strain, Dr. Fritzhand characterized plaintiff's impairments as less than severe.
 
 
 5
 Plaintiff's chief disability appears to be his psychiatric status. On January 9, 1981, Dr. Backus reported a paranoid schizophrenic disorder characterized by bizarre and delusional thinking. Dr. Backus' report found appellant to be pleasant, well oriented, coherent and non-hallucinatory. On December 8, 1981, Dr. Fred Brown stated 'This man does not show any sign whatever of back trouble . . .', and found plaintiff mentally competent to handle his own funds. Additionally, Dr. Brown noted 'strength, tendon reflexes, sensation in the upper extremities,' was normal.
 
 
 6
 During a consultative psychiatric examination on November 6, 1981, Dr. Jack Eardley, a psychiatrist, found evidence of a generalized anxiety disorder and a history of episodic alcohol abuse. Dr. Eardley determined plaintiff's schizophrenia was in remission and that plaintiff was able to understand and carry out simple instructions. Dr. Eardley concluded that from a psychiatric standpoint, plaintiff's impairments were only mild to moderate.
 
 
 7
 Significantly, no one doctor stated that plaintiff was disabled to work. It is axiomatic that the Secretary's findings shall be upheld if supported by substantial evidence. Richardson v. Perales, 402 U.S. 389 (1971). In light of the above, the ALJ's findings were supported by substantial evidence. Accordingly, we affirm.
 
 
 
 *
 Honorable Herman J. Weber, United States District Court for the Southern District of Ohio, sitting by designation